# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION

## CIVIL NO. 1:18CV209

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **COMPLAINT FOR** |
| ) | **FORFEITURE** *IN REM* |
| APPOXIMATELY $14,653.66 IN UNITED ) | |
| STATES CURRENCY SEIZED FROM ) | |
| DARIN TREY OLIVER, ) | |
| ) | |
| Defendant. ) | |

Now comes the United States of America, Plaintiff herein, by and through R. Andrew Murray, United States Attorney for the Western District of North Carolina, in a civil cause of forfeiture, and respectfully states the following:

## INTRODUCTION

1. This is a civil action *in rem* against approximately $14,653.66 in United States Currency seized from Darin Trey Oliver pursuant to the provisions of 21 U.S.C. § 881 and 18 U.S.C. § 981.

2. This civil action is brought against Defendant Property which, upon information and belief, was proceeds traceable to an exchange for a controlled substance and was used or intended to be used to facilitate a violation of 21 U.S.C. § 841.

3. Property which is proceeds traceable to an exchange for a controlled substance or was used or intended to be used to facilitate a violation of 21 U.S.C. § 841 is subject to forfeiture to the United States, as provided by 21 U.S.C. § 881(a)(6).

1

4. Procedures for this action are mandated by 18 U.S.C. § 983, 19 U.S.C. §§ 1602-1621 and, to the extent applicable, the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions.

5. This Court has jurisdiction over this matter by virtue of 28 U.S.C. §§ 1345 and 1355.

6. This Court has venue in this matter pursuant to 28 U.S.C. § 1395.

7. The Defendant Property has been seized, is now within, and during the pendency of this action will remain within the Western District of North Carolina.

8. The Defendant Property is all present and future interest approximately $14,653.66 in United States Currency seized from Darin Trey Oliver.

9. This action seeks the forfeiture of all right, title, and interest in the above-captioned property because, upon information and belief, it is the proceeds of and/or was used to facilitate drug trafficking crimes.

**FACTUAL BACKGROUND**

10. On April 15, 2017, Sergeant Patrick Williams ("Sgt. Williams") of Cherokee County Sheriff's Office, Deputy Jake Bryson ("Dep. Bryson") of Cherokee County Sheriff's Office, Reserve Officer Brian Koch ("Ofc. Koch") of Andrews Police Department, Officer Megan Selby ("Ofc. Selby) of Andrews Police Department, and Sergeant Ethan Henderson ("Sgt. Henderson") of Andrews Police Department conducted a license and registration checkpoint at the intersection of Aqoune Road, Junaluska Road, and Business 19 in Andrews, North Carolina.

11. At approximately 11:03 P.M., Ofc. Koch began speaking to the driver of a tan Toyota Tacoma that was displaying North Carolina Registration Number Plate: PEM9852.

12. Ofc. Koch advised Sgt. Henderson that the driver did not have a valid North Carolina Driver's License and advised he detected the odor of marijuana coming from the passenger compartment of the vehicle.

13. The driver was identified as Michale Marin ("Marin"). Marin stated that he did not have a valid driver's license, however, Marin did produce a North Carolina Identification card.

14. Sgt. Henderson advised Marin that he could detect the strong odor of burnt marijuana coming from inside the vehicle and Marin stated that he had smoked in the truck recently. Sgt. Henderson asked Marin where the marijuana was located and Marin stated he had a marijuana cigarette in his pocket. Sgt. Henderson asked Marin to step out of the vehicle and produce the marijuana cigarette. Marin complied with Sgt. Henderson's request.

15. Sgt. Henderson asked Marin if he knew of anything else in the vehicle. Marin stated the vehicle was not his vehicle. Marin further stated that the vehicle belonged to the passenger.

16. Sgt. Henderson asked the passenger his name and the passenger identified himself as Darin Trey Oliver ("Oliver").

17. Sgt. Henderson asked Oliver if there was anything else in the vehicle that he should know about and Oliver stated there shouldn't be any more controlled substances, but he had a handgun. Oliver then moved a piece of cloth from over a Colt Defender .45 caliber handgun. Oliver stated that the handgun was unloaded and produced a magazine for the firearm.

18. Sgt. Henderson asked Oliver to step out of the vehicle and stand at the front of the vehicle with Marin. Both Oliver and Marin complied with the request.

19. Sgt. Henderson advised Oliver and Marin that the vehicle was going to be searched pursuant to the odor of burnt and green marijuana.

20. Sgt. Williams and Dep. Bryson began searching the vehicle.

21. During the search of the vehicle, Sgt. Williams located a concealed Raven Arms .25 caliber pistol under the driver's seat.

22. Sgt. Williams walked toward the bed of the vehicle and smelled the odor of green marijuana coming from the "Job Box" toolbox located in the bed of the vehicle.

23. Inside the toolbox, Sgt. Williams located two large vacuum sealed bags that contained 903 grams (2 pounds) or marijuana and a Crown Royal bag that contained $14,653.66 in United States Currency (Defendant Property).

24. Sgt. Henderson asked Oliver if Marin knew about all of the controlled substances and firearms in the vehicle and Oliver stated that he didn't know if Marin knew or not.

25. Marin later stated to Sgt. Henderson that he had no idea that any of the items were in the vehicle with the exception of the Colt firearm.

26. Oliver and Marin were arrested and transported to the Cherokee County Detention Center.

27. After arriving at the Cherokee County Detention Center, Sergeant Tracy Pollard ("Sgt. Pollard") advised Sgt. Henderson that a small plastic baggie containing a white powder substance had been located on Oliver's person during a strip search and Sgt. Pollard produced the baggie. Sgt. Henderson tested the substance with three different test kits and one test immediately tested positive for cocaine.

28. Oliver was charged with Possession with Intent to Sale or Deliver Marijuana, Felony Possession of Marijuana, Maintaining a Vehicle for Keeping or Selling Controlled Substances, two counts of Carrying a Concealed Firearm, and Possession of a Controlled Substance in a Confinement Facility.

29. Marin was charged with Possession with Intent to Sale or Deliver Marijuana, Felony Possession of Marijuana, Maintaining a Vehicle for Keeping or Selling Controlled Substances, and Possession of Marijuana Paraphernalia.

30. On November 3, 2017, Alcohol, Tobacco, Firearms and Explosives Special Agent Christopher Green ("Agent Green") applied for a seizure warrant for the Defendant Property in the United States District Court for the Western District of North Carolina. United States Magistrate Judge Dennis Howell granted Agent Green's request and issued a Warrant to Seize Property Subject to Forfeiture. W.D.N.C Case No. 1:17MJ141.

31. On April 3, 2018, the Grand Jury for the Western District of North Carolina issued a two count Bill of Indictment against Darin Trey Oliver. W.D.N.C. Case No. 1:18CR40. Count One charged Oliver with possession with intent to distribute marijuana, in violation of 21 U.S.C. § 841(a)(1), and Count Two charged Oliver with knowingly possessing a firearm in the furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A). The Grand Jury also included a Notice of Forfeiture and Finding of Probable Cause which listed the Defendant Property, $14,653.66 in United States Currency, the Colt Defender firearm, and the Raven Arms MP-25 firearm as subject to forfeiture.

32. On June 11, 2018, Oliver plead guilty to Count Two of the Bill of Indictment.

## PRAYER FOR RELIEF

33. By virtue of the foregoing, all right, title, and interest in the defendant property vested in the United States at the time of the commission of the unlawful act giving rise to forfeiture, 21 U.S.C. § 881(h), and has become and is forfeitable to the United States of America.

34. Upon information and belief, the following persons may have or claim an interest in the defendant property:

Darin Trey Oliver
51 Higdon Loop
Andrews, NC 28901

Michale Marin
217 Higdon Loop
Andrews, NC 28901

WHEREFORE, the United States of America respectfully prays the Court that:

(1) a warrant for the arrest of the Defendant be issued;

(2) due notice be given to all parties to appear and show cause why the forfeiture should not be decreed;

(3) judgment be entered declaring the defendant to be condemned and forfeited to the United States of America for disposition according to law; and

(4) the United States be granted such other and further relief as this Court may deem just and proper, together with the costs and disbursements of this action, including but not limited to the expenses of maintenance and protection of defendant property as required by 28 U.S.C. § 1921.

Respectfully submitted this 24th day of July, 2018.

        R. ANDREW MURRAY
        UNITED STATES ATTORNEY

        /s Tiffany Mallory Moore
        Assistant United States Attorney
        GASB #744522
        227 West Trade Street, Suite 1650
        Charlotte, North Carolina 28202
        Telephone: (704) 344-6222
        Email: tiffany.moore2@usdoj.gov

STATE OF NORTH CAROLINA
COUNTY OF BUNCOMBE

## **VERIFICATION**

Christopher Green deposes and says under penalty of perjury:

I am a Special Agent with the Bureau of Alcohol, Tobacco, Firearms and Explosives and an agent assigned to this case.

I have read the foregoing Complaint and the factual information contained therein is true according to the best of my knowledge, information, and belief.

_____
Christopher Green

STATE OF NORTH CAROLINA
COUNTY OF BUNCOMBE

I certify that Christopher Green personally appeared before me this day and acknowledged to me that she signed the foregoing document.

This the 24th day of July, 2018.

BRODY J COLE
NOTARY PUBLIC
BUNCOMBE COUNTY
STATE OF NORTH CAROLINA

_____
Notary Public

My Commission Expires: April 22, 2019